IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PAMELA OSTERLICH,**

        **Plaintiff,**

**v.**                     //     CIVIL ACTION NO. 1:10CV49
                                 (Judge Keeley)

**SAND CANYON CORPORATION,**
a corporation formerly known as
Option One Mortgage Corporation,
and **AMERICAN HOME MORTGAGE
SERVICING,INC.,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO WITHDRAW PARAGRAPHS FROM THE COMPLAINT
[DKT. NO. 10], GRANTING DEFENDANT SAND CANYON
CORPORATION'S MOTION TO DISMISS [DKT. NO. 5] AND
DENYING AS MOOT DEFENDANT SAND CANYON CORPORATION'S
<u>MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY [DKT. NO. 15]</u>**

**I. <u>INTRODUCTION</u>**

On June 3, 2010, during argument regarding pending motions, the Court **GRANTED** the plaintiff's motion to withdraw paragraphs 26(a) - (l) of her complaint (dkt. no. 10). For the reasons discussed below, it also **GRANTED** the defendant, Sand Canyon Corporation's ("Sand Canyon"), motion to dismiss (dkt. no. 5) and **DENIED AS MOOT** its Motion for a Protective Order Staying Discovery. (dkt. no. 15).

**II. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

On February 23, 2010, the plaintiff, Pamela Ostrelich ("Ostrelich"),[1] filed a complaint in the Circuit Court of Harrison

---

    [1] Ostrelich's name is apparently misspelled in the heading of this case.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO
WITHDRAW PARAGRAPHS FROM THE COMPLAINT, GRANTING DEFENDANT
SAND CANYON CORPORATION'S MOTION TO DISMISS AND DENYING
AS MOOT DEFENDANT SAND CANYON CORPORATION'S MOTION FOR
PROTECTIVE ORDER STAYING DISCOVERY**

County, West Virginia, concerning her refinanced home mortgage loan. Ostrelich's complaint alleged that the defendant and initial servicer of the loan, Sand Canyon Corporation ("Sand Canyon"), and the defendant and subsequent servicer, defendant American Home Mortgage Servicing, Inc. ("AHMSI") imposed fees and undertook debt collection methods in violation of West Virginia law. On March 26, 2010, AHMSI filed a notice of removal pursuant to 28 U.S.C. § 1331 in which Sand Canyon joined.

### III. <u>DISCUSSION</u>

On April 2, 2010, Sand Canyon filed a motion to dismiss Ostrelich's claims (dkt. no. 5), arguing that those claims had been inadequately pleaded, and also that they were, in actuality, unreported assets of the estate of her previously discharged Chapter 13 bankruptcy plan. Accordingly, Sand Canyon contended that her claims were barred by the doctrine of judicial estoppel and that she thus lacked standing to pursue them.

On April 16, 2010, Ostrelich filed a series of documents, including a more definite statement clarifying the allegations of her complaint (dkt. no. 9), a motion to withdraw paragraphs 26(a) – (l) of her complaint (dkt. no. 10), and a response to Sand Canyon's motion to dismiss. Ostrelich's more definite statement and her

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW PARAGRAPHS FROM THE COMPLAINT, GRANTING DEFENDANT SAND CANYON CORPORATION'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT SAND CANYON CORPORATION'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY**

motion to withdraw particular paragraphs from her complaint clarified that she intended only to pursue Sand Canyon under Count Three of her complaint for its assessment of allegedly illegal and unauthorized fees during a time period between January 10, 2003 until August, 2004.

Ostrelich's response to Sand Canyon's motion to dismiss asserted that her claims against Sand Canyon should not be dismissed because they were not an asset of her bankruptcy estate during the relevant time period because they arose after confirmation of her bankruptcy plan. In support of this assertion, she relied on In re Carter, 258 B.R. 526, 527-28 (Bankr. S.D. Ga. 2001) (holding that a post-confirmation tort claim unnecessary to fund the bankruptcy plan was not part of the bankruptcy estate and that the doctrine of judicial estoppel did not bar the debtors from pursuing it); and Chicon v. Carter, 573 S.E.2d 413 (Ga. App. 2002) (applying in In re Carter, and holding that the bankruptcy court's decision foreclosed application of the doctrine of judicial estoppel to preclude the plaintiffs' claims).

In reply, Sand Canyon argued that, although the text of sections 1327(b) and 1306 of the Bankruptcy Code have given rise to some disagreement among courts as to whether post-confirmation

**OSTERLICH V. SAND CANYON CORP., ET AL.** 1:10CV49

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW PARAGRAPHS FROM THE COMPLAINT, GRANTING DEFENDANT SAND CANYON CORPORATION'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT SAND CANYON CORPORATION'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY**

assets are property of the bankruptcy estate, the great weight of authority, including decisions among courts within the Fourth Circuit, concludes that the bankruptcy estate continues to exist post-confirmation. See In re Reynard, 250 B.R. 241, 245-47 (Bankr. E.D. Va. 2000); In re Leavell, 190 B.R. 536 (Bankr. E.D. Va. 1995); In re Koonce, 54 B.R. 643 (Bankr. D.S.C. 1985). Sand Canyon further argued that In re Carter provides little support for Ostrelich's argument that a Chapter 13 bankruptcy estate ceases to exist post-confirmation because, five years after its decision in In re Carter the United States Bankruptcy Court for the Southern District of Georgia declined to follow its own precedent. See In re Harvey, 356 B.R. 557, 563 (Bankr. S.D. Ga. 2006) ("post-confirmation assets remain property of the estate"). The success of Sand Canyon's motion to dismiss thus turned entirely on the question of whether a Chapter 13 bankruptcy estate continues to exist post-confirmation.

Although not acknowledged by the parties, the Fourth Circuit resolved this precise question in the case of In re Murphy:

> By providing that the bankruptcy estate continues to be replenished by post-petition property until the case is closed, dismissed, or converted under Chapter 7, 11, or 12 of the Bankruptcy Code, § 1306(a) provides for the continued existence of the bankruptcy estate

4

**OSTERLICH V. SAND CANYON CORP., ET AL.** 1:10CV49

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW PARAGRAPHS FROM THE COMPLAINT, GRANTING DEFENDANT SAND CANYON CORPORATION'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT SAND CANYON CORPORATION'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY**

>until the earliest of any of the above-mentioned events occur.

474 F.3d 143, 153 (4th Cir. 2007). Pursuant to the holding in Murphy, Ostrelich's potential causes of action arising after confirmation, but prior to discharge of her Chapter 13 bankruptcy plan, clearly became assets of the bankruptcy estate at the time they arose. In accord, Casto v. Am. Union Boiler Co. of W. Va., No. 05-00757, 2006 WL 660458, at *2 (S.D.W. Va. Mar. 14, 2006) (Goodwin, J.) ("The United States Code imposes a duty on bankruptcy debtors to disclose all assets, including contingent and unliquidated claims."). Because Ostrelich never scheduled these claims, they cannot be deemed abandoned by the bankruptcy estate and thus remain assets of it inasmuch as, under 11 U.S.C. § 554(d), "'property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.'" In re Harvey, 356 B.R. at 564 (quoting 11 U.S.C. § 554(d)).

Moreover, although a bankruptcy estate asset may be automatically abandoned in some circumstances, this can occur "only if it is 'scheduled' and 'not otherwise administered at the time of the closing of a case.'" Id. (quoting 11 U.S.C. § 554(c)). Under § 554, "property that is not scheduled is never deemed abandoned

**OSTERLICH V. SAND CANYON CORP., ET AL.**                              1:10CV49

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO
WITHDRAW PARAGRAPHS FROM THE COMPLAINT, GRANTING DEFENDANT
SAND CANYON CORPORATION'S MOTION TO DISMISS AND DENYING
AS MOOT DEFENDANT SAND CANYON CORPORATION'S MOTION FOR
PROTECTIVE ORDER STAYING DISCOVERY**

and remains property of the estate." Accordingly, "post-confirmation causes of action that become property of the estate under Section 1306 remain property of the estate pursuant to Section 554(d), despite section 1327, if they are not scheduled and made subject to administration or abandonment." Id.

Because Ostrelich never scheduled her potential claims against Sand Canyon during the course of her Chapter 13 bankruptcy plan, they remain assets of the bankruptcy estate and she is without standing to pursue such claims against Sand Canyon here. See Nat'l Am. Ins. v. Rupert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999) ("If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim.").

IV.

Because Ostrelich lacked standing to pursue any claims against Sand Canyon, the Court **GRANTED** Sand Canyon's motion to dismiss **WITHOUT PREJUDICE**, observing that should Ostrelich move to reopen her Chapter 13 bankruptcy case and schedule her present claims, and the bankruptcy trustee thereafter abandons those claims, or the bankruptcy court otherwise decrees them abandoned, it may yet be possible for her to join Sand Canyon in the present suit to pursue those claims.

**OSTERLICH V. SAND CANYON CORP., ET AL.**                                1:10CV49

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW PARAGRAPHS FROM THE COMPLAINT, GRANTING DEFENDANT SAND CANYON CORPORATION'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT SAND CANYON CORPORATION'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY**

Having dismissed Sand Canyon as a party to the case, the Court **DENIED AS MOOT** its Motion for a Protective Order Staying Discovery. (dkt. no. 15).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: June 23, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE